IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHNNIE W. FRAZIER, | ) | |
|     Plaintiff, | ) | Civil Action No. 13-25 Erie |
| | ) | |
| v. | ) | |
| | ) | |
| WILLIAM COOPER, et al, | ) | Magistrate Judge Susan Paradise Baxter |
|     Defendants. | ) | |

## MEMORANDUM OPINION

Magistrate Judge Susan Paradise Baxter[1]

    Plaintiff, a federal inmate acting *pro se*, initiated this civil rights action on January 23, 2013. As Defendants to this action, Plaintiff named: Senior Chaplain William Cooper; Associate Warden S.L. Nolan; Lt. Michael Murphy; Captain Olsen, and Warden Archie B. Longley.

    In his complaint, Plaintiff alleges that Defendants have violated his constitutional rights in the following ways:

> Defendant William Cooper continued to deliberately violate Bureau of Prisons policy and Plaintiff's First and Fourteenth Amendment of the U.S. Constitution. After being notified by Plaintiff via administrative remedies (BP-8 & BP-9), he threatened Plaintiff with having me placed in the Special Housing Unit (SHU) if I continued to write him up. This event took place approximately in mid-2010.
>
> Defendant S.L. Nolan, threatened me a few days later outside of the dinning [sic] hall when I approached her with Chaplain Cooper's conduct in hopes that she would assist in correcting this situation. Instead, she stated "the Moors have been nothing but trouble for her since she has been there, and the easiest way for her to fix my problem was to get rid of me." I attempted to explain that I had done nothing wrong but she interrupted and said, "I have no compassion for you American Muslims" and walked away from me. She directly participated and

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including the entry of a final judgment.

1

> deliberated [sic] violated Bureau of Prisons policy and Plaintiff's constitutional rights after becoming aware of the facts. I was told she gave the order to "get rid of him" i.e. Plaintiff. Lt. Murphy carried out that order.
>
> Defendant Michael Murphy, directly participated and violated my constitutional rights after he became aware of the illegal violations. He is responsible for not allowing me "due process" while investigating Plaintiff and intentionally created a "false" SIS Report that was used to justify a "Disruptive activity," "Close Supervision Transfer" and as a direct result, the Plaintiff has suffered due to numerous informal punishments. His report was concluded 8-3-2011.
>
> Defendant Olsen, learned of Plaintiff's Bureau of Prisons and constitutional rights that were being violated and was questioned by Plaintiff personally about not being given "due process" and failed to take corrective action against the illegal conduct by staff under his supervision. He signed off on the false transfer request 8-4-2011.
>
> Defendant Archie B. Longley, became aware of these violations and was "grossly negligent" in the managing of staff under his supervision. He signed off on the false transfer request 8-15-2011.

ECF No. 1 (factual allegations excerpted in their entirety). As relief, Plaintiff seeks declaratory, compensatory and punitive damages.

In response to the Complaint, Defendants have filed a motion to dismiss, or in the alternative, for summary judgment. ECF No. 18. Defendants argue for dismissal of the complaint in its entirety based upon Plaintiff's failure to exhaust his administrative remedies. Next, Defendants argue that the claims against Defendants Cooper and Nolan should be dismissed because, *inter alia*, the statute of limitations has expired and Plaintiff fails to establish any Equal Protection claim that these Defendants discriminated again him based on his religion. Additionally, Defendant Murphy should be dismissed because the allegations against him do not state a due process claim, and the claims against Defendants Olsen and Longley fail because there is no allegation they personally violated Plaintiff's constitutional rights. Finally, Defendants argue that they are entitled to dismissal on the basis of qualified immunity.

2

Plaintiff has filed a brief in opposition to the pending motion to dismiss. ECF No. 22. In his brief, Plaintiff significantly expands on the sparse factual allegations contained in the Original Complaint. Although not specifically alleged in his Original Complaint, Plaintiff argues that Defendants acted with a retaliatory motive and express desire to limit the practice of his religion. Plaintiff explains that he only became aware of some of the acts and motivations of Defendants after he received information through the Freedom of Information Act following his transfer to another federal institution in California. Plaintiff provides evidence in support of his opposition brief. Defendants have not filed any reply to Plaintiff's opposition.

Plaintiff is a *pro se* litigant, and as such, this Court must liberally construe his filings. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (p*ro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers.").[2] In the interests of fairness and judicial economy, this Court will allow Plaintiff to file an Amended Complaint to make the factual allegations underlying the arguments of his opposition brief and Defendants will be given the opportunity to file a motion to dismiss and/or motion for summary judgment in response to the Amended Complaint.

The Amended Complaint must include all the claims against all the Defendants, fully explaining which Defendant took what action and when that action was taken. See In re Suprema Specialties, Inc. Sec. Litig., 438 F.3d 256, 276-77 (3d Cir. 2006) (a plaintiff must assert all the essential factual background that would accompany "'the first paragraph of any

---

[2] If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. See Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969)("[W]e should recognize that a habeas corpus petition prepared by a prisoner without the aid of counsel may be inartfully drawn and should therefore be read 'with a measure of tolerance.'"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991).

newspaper story' – that is, the 'who, what, when, where and how' of the event at issue."). The Amended Complaint must be a single stand-alone document that does not incorporate or reference the Original Complaint.

An appropriate Order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHNNIE W. FRAZIER, | ) | |
| Plaintiff, | ) | Civil Action No. 13-25 Erie |
| | ) | |
| v. | ) | |
| | ) | |
| WILLIAM COOPER, et al, | ) | Magistrate Judge Susan Paradise Baxter |
| Defendants. | ) | |

## O R D E R

AND NOW, this 30th day of June, 2014;

IT IS HEREBY ORDERED that Plaintiff file an Amended Complaint before July 14, 2014. Failure to comply with this Order may result in the dismissal of this action for failure to prosecute.

IT IS FURTHER ORDERED that the motion to dismiss or for summary judgment [ECF No. 18] be DISMISSED AS MOOT in light of the Order that Plaintiff file an Amended Complaint. Following the filing of the Amended Complaint, Defendants will be given the opportunity to file a dispositive motion.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge