# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHNIE W. FRAZIER, Plaintiff vs. WILLIAM COOPER, et al, Defendants. | C.A.No. 13-25ERIE Magistrate Judge Baxter |

## MEMORANDUM OPINION

Magistrate Judge Susan Paradise Baxter[1]

Plaintiff, a federal inmate acting *pro se*, initiated this civil rights action on January 23, 2013. As Defendants to this action, Plaintiff named: Senior Chaplain William Cooper; Associate Warden S.L. Nolan; Lt. Michael Murphy; Captain Olsen, and Warden Archie B. Longley.

The operative complaint in this action is the Amended Complaint. ECF No. 27. Plaintiff alleges that during his incarceration at FCI McKean, Defendants limited his constitutional right to the free exercise of his religion in violation of the First and Fourteenth Amendments. Plaintiff identifies himself as a member of the Moorish Science Temple of America. Plaintiff claims that his religious practice was limited by Defendants, that he was threatened and false misconducts were issued against him, and that he was transferred out of FCI McKean in retaliation for his complaints about the limitations placed on his religious practice.

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including the entry of a final judgment.

In response to the Amended Complaint, Defendants have filed a motion to dismiss, or in the alternative, for summary judgment. ECF No. 30. Despite being ordered to file an opposition to the pending motion (see ECF No. 32), Plaintiff has not filed any response to Defendants' dispositive motion. This matter is ripe for disposition by this Court.

### A. Standards of Review

#### 1) *Pro se* litigants

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. See Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969)("[W]e should recognize that a habeas corpus petition prepared by a prisoner without the aid of counsel may be inartfully drawn and should therefore be read 'with a measure of tolerance.'"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997), overruled on other grounds by Abdul-Akbar v. McKelvie, 239 F.3d 307 (3d Cir. 2001). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

### 2) Motion to dismiss pursuant to Rule 12(b)(6)

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, 556 U.S. 662 (2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

A Court need not accept inferences drawn by a plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the Court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). See also McTernan v. City of York, Pennsylvania, 577 F.3d 521, 531 (3d Cir. 2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). A plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 556, citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D. Del.) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556 n.3.

The Third Circuit has expounded on the Twombly/Iqbal line of cases:

> To determine the sufficiency of a complaint under Twombly and Iqbal, we must take the following three steps:
>
> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011) quoting Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).

### 3) Motion for summary judgment pursuant to Rule 56

Defendants have submitted exhibits in support of the motion to dismiss. Therefore, this Court will convert the motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) to a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. See Burns v. Harris County Bail Bond Bd., 139 F.3d 513, 517 (5th Cir. 1998) ("When matters outside the pleadings are presented to and not excluded by the district court, the district court must convert a motion to dismiss into a motion for summary judgment."); Greer v. Smith, 2003 WL 1090708, at *1 (3d Cir. Mar. 10, 2003) ("the District Court considered material outside of the pleadings and, therefore, should have converted the motion for dismissal to a summary judgment motion,

allowing the plaintiff an opportunity for appropriate discovery and a reasonable opportunity to present all material made pertinent to the motion.").

Rule 56(a) provides that summary judgment shall be granted if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." When applying this standard, the court must examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims. Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986). The burden then shifts to the non-movant to come forward with specific facts showing a genuine issue for trial. Fed.R.Civ.P. 56(e); Williams v. Borough of West Chester, Pa., 891 F.2d 258, 460-61 (3d Cir. 1989) (the non-movant must present affirmative evidence-more than a scintilla but less than a preponderance-which supports each element of his claim to defeat a properly presented motion for summary judgment). The non-moving party must go beyond the pleadings and show specific facts by affidavit or by information contained in the filed documents (i.e., depositions, answers to interrogatories and admissions) to meet his burden of proving elements essential to his claim. Celotex, 477 U.S. at 322. The non-moving party "must present more than just bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue." Garcia v. Kimmell, 2010 WL 2089639, at *1 (3d Cir. 2010) quoting Podobnik v. U.S. Postal Serv., 409 F.3d 584, 594 (3d Cir. 2005).

When considering a motion for summary judgment, the court is not permitted to weigh the evidence or to make credibility determinations, but is limited to deciding whether there are

any disputed issues and, if there are, whether they are both genuine and material. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

### B. The Prison Litigation Reform Act

#### 1) The Exhaustion Requirement

Defendants move to dismiss, or alternatively for summary judgment, based upon Plaintiff's failure to exhaust his administrative remedies in accordance with the requirements of the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), which provides:

> no action shall be brought with respect to prison conditions under
> section 1983 of this title ... by a prisoner confined in any jail, prisons,
> or other correctional facility until such administrative remedies as
> are available are exhausted.

Id.[2] The exhaustion requirement is not a technicality, rather it is federal law which federal district courts are required to follow. Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000) (by using language "no action shall be brought," Congress has "clearly required exhaustion").

The PLRA's exhaustion requirement "is a non-jurisdictional prerequisite." Small v. Camden County, 728 F.3d 265, 270 n.3 (3d Cir. 2013).[3] The requirement that an inmate exhaust administrative remedies applies to all inmate suits regarding prison life, including those that

---

[2] It is not a plaintiff's burden to affirmatively plead exhaustion. Small v. Camden County, 728 F.3d 265, 270 n.3 (3d Cir.2013); Jones v. Bock, 549 U.S. 199, 217 (2007) ("...failure to exhaust is an affirmative defense under the PLRA, and inmates are not required to specially plead or demonstrate exhaustion in their complaints."). Instead, the failure to exhaust must be asserted and proven by the defendants. Ray v. Kertes, 285 F.3d 287, 295 (3d Cir. 2002).

[3] "As such, just as subject matter jurisdiction, personal jurisdiction, and venue, exhaustion is a 'threshold issue that *courts* must address to determine whether litigation is being conducted in the right forum at the right time.'" Small, 728 F.3d at 270, quoting Dillon v. Rogers, 596 F.3d 260, 272 (5th Cir. 2010). See also Nyhuis v. Reno, 204 F.3d 65, 69 n.4 (3d Cir. 2000) ("...[W]e agree with the clear majority of courts that §1997e(a) is *not* a jurisdictional requirement, such that failure to comply with the section would deprive federal courts of subject matter jurisdiction.").

6

involve general circumstances as well as particular episodes. Porter v. Nussle, 534 U.S. 516 (2002); Cutter v. Wilkinson, 544 U.S. 709, 723 n.12 (2005) (noting that the PLRA requires that "a prisoner may not sue under RLUIPA without first exhausting all available administrative remedies."); Concepcion v. Morton, 306 F.3d 1347 (3d Cir. 2002) (for history of exhaustion requirement).

The PLRA also requires "proper exhaustion" meaning that a prisoner must complete the administrative review process in accordance with the applicable procedural rules of that grievance system. Woodford v. Ngo, 548 U.S. 81, 87-91 (2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules ..."). Importantly, the exhaustion requirement may not be satisfied "by filing an untimely or otherwise procedurally defective ... appeal." Id. at 83.[4]

So then, no analysis of exhaustion may be made absent an understanding of the administrative process available to state inmates. "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.' The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." Jones v. Bock, 549 U.S. at 218. See also Spruill v. Gillis, 372 F.3d 218, 231 (3d Cir. 2004) (having concluded that the PLRA includes a procedural default component,

---

[4] See also Spruill v. Gillis, 372 F.3d 218, 228-29 (3d Cir. 2004) (utilizing a procedural default analysis to reach the same conclusion) ("Based on our earlier discussion of the PLRA's legislative history, [...] Congress seems to have had three interrelated objectives relevant to our inquiry here: (1) to return control of the inmate grievance process to prison administrators; (2) to encourage development of an administrative record, and perhaps settlements, within the inmate grievance process; and (3) to reduce the burden on the federal courts by erecting barriers to frivolous prisoner lawsuits.").

the Court then indicated that "prison grievance procedures supply the yardstick for measuring procedural default.").

### 2) The Administrative Process Available to Federal Inmates

The Bureau of Prisons has adopted regulations that establish the specific steps that an inmate must follow to exhaust his administrative remedies. See 28 C.F.R. § 542.10 *et seq*. This process provides that an inmate must initially attempt to resolve the dispute informally with institution staff. 28 C.F.R. § 542.13(a). In the event such informal resolution is unsuccessful, the second step is to file a formal complaint with the Warden within twenty days of the date on which the basis of the complaint occurred. 28 C.F.R. § 542.14(a). If the inmate is dissatisfied with the Warden's response, the third step is to appeal the Warden's response to the Regional Director within twenty days of the Warden's response. 28 C.F.R. § 542.15(a). If the Regional Director denies the appeal, the fourth step is for the inmate to file an appeal with the General Counsel of the Bureau of Prisons within thirty days from the date of the Regional Director's response. Id. The administrative remedy process is not complete for the purposes of exhaustion until the fourth step is completed, and the inmate's appeal is denied by the Bureau of Prisons' General Counsel. Id.

### 3) Analysis of Plaintiff's use of the administrative remedy process

In support of their argument, Defendants have provided the Declaration of Donna Broome, a legal assistant at the Bureau of Prisons' Northeast Regional Office. See ECF No. 31-1, pages 2-5. Ms. Broome explains that Plaintiff filed administrative remedy requests regarding events occurring at FCI McKean, but none were properly exhausted. The first of Plaintiff's

filings was in November of 2010 in which Plaintiff complained about the restrictions placed on his religious worship. See ECF No. 31-2, pages 3-7. The grievance (617029- F1) was informally resolved or withdrawn by Plaintiff on December 15, 2010. See id.; ECF No. 31-1, page 12. Plaintiff took no further action on this administrative filing.

Plaintiff was transferred out on FCI McKean in late 2011, arriving at FCI Herlong by December 14, 2011. Plaintiff's next filing was dated September of 2012 and complained that staff at FCI McKean violated his constitutional rights as a Moorish American. See ECF No. 31-1, page 13. This Administrative Remedy Request (705010-F1) was rejected without a substantive response because it was untimely filed. Plaintiff filed an appeal (705010-R1) with the Bureau of Prisons Western Regional Office which rejected the filing as untimely. This rejection indicated that Plaintiff could refile his appeal if he could provide verification that he was not responsible for the untimely filing of the appeal. Thereafter, Plaintiff filed an appeal (705010-A1) with the Central Office of the Bureau of Prisons Office of General Counsel. On December 12, 2012, the appeal was rejected based upon its untimeliness. The decision advised that the Central Office concurred with the Regional Office's rationale for rejecting his appeal. However, Plaintiff was advised that he could refile his Regional Appeal if he could provide verification from staff that his failure to file his Administrative Remedy was due to circumstances beyond his control. Plaintiff's Administrative Record reflects that since December of 2012, Plaintiff has not attempted to resubmit any of his Administrative Remedy Requests or Appeals regarding the violation of his constitutional rights during his incarceration at FCI McKean.

The evidence before this Court demonstrates that Plaintiff has failed to exhaust his administrative remedies in accordance with the requirements of the PLRA. See Woodford, 548 U.S. at 83 (PLRA's exhaustion requirement may not be satisfied "by filing an untimely or

otherwise procedurally defective appeal."). Plaintiff has provided no evidence to the contrary as he must do in the face of a well-supported motion for summary judgment. Fed.R.Civ.P. 56 (non-movant must present affirmative evidence to defeat a properly presented motion for summary judgment); Celotex, 477 U.S. at 322. Accordingly, the motion for summary judgment will be granted.

      An appropriate order will be entered.

                                              /s/ Susan Paradise Baxter
                                              SUSAN PARADISE BAXTER
                                              United States Magistrate Judge

Dated: August 13, 2015

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHNNIE W. FRAZIER, | ) | |
|     Plaintiff, | ) | Civil Action No. 13-25 Erie |
| | ) | |
| v. | ) | |
| | ) | |
| WILLIAM COOPER, et al, | ) | Magistrate Judge Susan Paradise Baxter |
|     Defendants. | ) | |

**O R D E R**

AND NOW, this 13th day of August, 2015;

IT IS HEREBY ORDERED that Defendants' motion for summary judgment [ECF No. 30] is GRANTED. Judgment is granted in favor of Defendants. The Clerk of Courts is directed to close this case.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge